# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-60640
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2024

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

versus

Aubrey Suzuki,

Defendant—Appellant.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:21-CR-77-1

———————————————————————

Before Barksdale, Graves, and Oldham, Circuit Judges.

Per Curiam:[*]

Aubrey Suzuki challenges his above-Guidelines 24-months' sentence imposed after revocation of his supervised release. Suzuki objected only "to the reasonableness of the sentence". He now, however, asserts his sentence is procedurally and substantively unreasonable.

———————————————

[*] This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 23-60640

Our court reviews a preserved objection to a revocation sentence under a "plainly unreasonable" standard. *E.g.*, *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). This standard requires a two-step analysis by which we first ensure the district court did not commit significant procedural error, "such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range". *Id.* (citation omitted).

If no procedural error exists, we consider the sentence's substantive reasonableness under an abuse-of-discretion standard. *E.g.*, *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* (citation omitted).

Suzuki asserts the court procedurally erred by failing to: adequately explain its sentence; and consider his 18 U.S.C. § 3553(a) mitigation contentions. Because, as shown *supra*, he did not preserve these issues in district court, review is only for plain error. *E.g.*, *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012) ("Because [defendant] objected only generally to the reasonableness of his sentence, we review [defendant's] claimed procedural error for plain error."). Under that standard, Suzuki must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

2

Regarding plain error in this context, "a district court commits clear and obvious error when it fails to state reasons for a sentence outside the guidelines range". *Kippers*, 685 F.3d at 498. The court need not explicitly discuss each factor when imposing sentence; implicit consideration is sufficient. *See id.* at 498–99. Here, the court discussed 18 U.S.C. § 3553(a) sentencing factors in explaining the selected sentence, implicitly considered other sentencing factors reflected in the record-evidence as well as addressed by the parties, and assessed whether Suzuki's mitigation contentions provided a basis for a lesser sentence. (Alternatively, even if Suzuki could show a clear-or-obvious error, he has not shown it affected his substantial rights. *See, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009) ("To show that an error affects a defendant's substantial rights, the defendant must show that it affected the outcome in the district court".).)

Concerning substantive reasonableness, Suzuki contends the court considered an improper sentencing factor—the seriousness of his underlying offense—in setting his sentence. *See* 18 U.S.C. § 3583(e) (outlining permissible sentencing factors at revocation). Review of this unpreserved contention is again only for plain error. *E.g.*, *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020) (reviewing for plain error assertion that court relied on improper factor when defendant generally objected to sentence's reasonableness). The record does not show, and Suzuki has not established, that the court imposed a sentence that reflected consideration of the seriousness of the offense.

Suzuki also asserts his revocation sentence was substantively unreasonable because it was greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a). Because he preserved this objection, review is for abuse of discretion. *E.g.*, *Cano*, 981 F.3d at 427. Suzuki's disagreement with the weight provided to certain factors does not warrant reversal in this instance.

No. 23-60640

*See, e.g.*, *Warren*, 720 F.3d at 332 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." (citation omitted)).  The record also reflects that, under the totality of the circumstances, the decision to impose a sentence above the Guidelines sentencing range was not an abuse of discretion.  *See Cano*, 981 F.3d at 427–28 (affirming above-Guidelines revocation sentence).

AFFIRMED.